IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  03-10208-01-WEB |
| ) | |
| ANDRES W. TORRIENTE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## Memorandum and Order

This matter came before the court on January 5, 2009, for a Supervised Release Violation Hearing.  At the hearing, the defendant admitted the violations alleged in the report.  The court subsequently ruled orally on the defendant's arguments concerning the sentence.  This written memorandum will supplement the court's oral rulings.

After the court stated its intention of imposing an 18-month sentence, the court heard from the parties.  The Government and the defense both agreed to recommend a 12-month sentence, although the Government argued that the sentence should run consecutive to defendant's undischarged term of a 240-month sentence in the District of South Carolina, while the defendant argued the sentence should run concurrently with the South Carolina case.  Defendant argued there "there was no purpose" served by a consecutive sentence, because the conduct underlying the violation in the instant case was the same conduct for which he was sentenced in the South Carolina case – namely, a conspiracy to possess with intent to distribute 5 kilograms or more of cocaine.

Section 7B1.3 of the guidelines provides in part that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of

imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release." Defendant is correct that although this provision is phrased in mandatory terms, the policy statements in Chapter 7 are in fact advisory; it is simply the policy of the Sentencing Commission that the sanction imposed upon revocation be served consecutively. *See* USSG § 7B1.1, intro. comment.  The court may, upon consideration of the factors in § 3553(a), order a term of imprisonment to be served consecutively or concurrently to an undischarged term of imprisonment.  *Id.*

After considering the factors in § 3553(a), the court concludes that the 12-month custodial sentence in this case should be consecutive to defendant's term of imprisonment in the South Carolina case.  As an initial matter, the conduct underlying the revocation is not entirely co-extensive with the South Carolina case, because the defendant has also admitted that he violated the conditions of supervision by leaving Maryland without the permission of the probation office. Moreover, the court has considered the policy statements of the Commission, which recommend a consecutive sentence on the grounds that a violation of supervised release is essentially a breach of the court's trust that warrants some additional sanction.  Finally, the court concludes that a consecutive sentence is appropriate to avoid unwarranted disparities among other defendants with similar records who engage in similar conduct.

Accordingly, the court finds that the 12-month sentence in this case should be consecutive to defendant's sentence in District of South Carolina Case No. 7:07-1363(2).  IT IS SO ORDERED this   6th   Day of January, 2009, at Wichita, Ks.

                                                s/Wesley E. Brown
                                                Wesley E. Brown
                                                U.S. Senior District Judge